# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARC S. CASON, SR., #180-571 | : |
|     Plaintiff | : |
| v | :     Civil Action No. CCB-05-2400 |
| MDPSCS, *et al.* | : |
|     Defendants | : |

.o0o.

## MEMORANDUM

On August 31, 2005, the Clerk received a complaint from Marc S. Cason, Sr., a Maryland prisoner presently incarcerated at the Western Correctional Institution in Cresaptown ("WCI"). Because Mr. Cason has been found indigent by this court in the recent past, he shall be granted *in forma pauperis* status for the purpose of initial case review.

Mr. Cason, a frequent litigator in this court,[1] has filed what can best be described as an omnibus action that includes allegations concerning injuries received at the hands of fellow prisoners in 1997 and a lack of medical care and poor conditions of confinement spanning 1998 and 1999.[2] He also raises general allegations concerning poor conditions of confinement and lack of medical care occurring at his present place of confinement, as well as specific instances in June and July of 2005 involving falling from a broken wheelchair.

It is apparent that the "complaint" presented here contains a myriad of different claims against numerous defendants that span a number of years and many Division of Corrections

---

[1] A check in the computerized case docketing system indicates that plaintiff has filed more than a dozen actions in this court.

[2] These allegations were the subject of lawsuits in this court, several of which were counseled. *See Cason v. Md DOC*, Civil Action No. CCB-00-2115 (D. Md. 2000, *Cason v. Md DOC*, Civil Action No. CCB-00-2180 (D. Md. 2000), *Spivey, et al. v. Md. DOC*, Civil Action No. L-01-938 (D. Md. 2001), *Cason v. DPSCS*, Civil Action No. CCB-03-1139 (D. Md. 2003), and Cason *v. MDPSCS*, Civil Action No. CCB-03-2435 (D. Md. 2003).

institutions. It is also apparent that many of these claims already have been litigated or are barred by Maryland's three-year statute of limitations.³ There is no indication that allowing Mr. Cason to amend the pleading will produce a more viable action able to proceed in this court. For that reason, a separate Order shall be entered dismissing the above-captioned case without prejudice. Mr. Cason is free to request a civil rights form packet from the Clerk should he wish to file a complaint narrowed to incidents occurring over the past three years, including the incidents alleged to have occurred in June and July of 2005.

| | |
|---|---|
| __September 6, 2005__ | __/s/__ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

³ While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Burnett v. Grattan*, 468 U.S. 42, 50 (1984); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101. (1989 Repl. Vol., 1992 Cum. Supp.). Although the state statute of limitations applies, the time of accrual of the action is a federal question. See *Cox v. Stanton*, 529 F.2d at 50. The running of the statute of limitations begins when plaintiff knows or has reason to know of his injury. *See id.*.